IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN FINLEY ET AL.           :
                                :    CIVIL ACTION
        v.                      :
                                :    NO. 11-1205
CITY OF PHILADELPHIA ET AL.     :

SURRICK, J.                                          AUGUST 3/, 2011

## MEMORANDUM

Presently before the Court are Defendant City of Philadelphia's Motion for Judgment on the Pleadings (ECF No. 25) and Defendants Delores Solomon, Betty Mitchell, Rosemarie Hatcher, Jacques Smith, Judy Walston, and Addie H. Williams' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 26). For the following reasons, Defendants' Motions will be granted.

### I.      BACKGROUND

Plaintiff Stephen Finley is the President of Plaintiff Finley Catering (collectively, "Plaintiffs"), which operates the Crystal Tea Room, a banquet facility in the Wanamaker Building in Philadelphia. (Am. Compl. ¶¶ 2-3, 21, ECF No. 21.) In March 2008, the Philadelphia Home and School Council ("PHSC") contacted Plaintiffs to arrange for catering services at a banquet to be held at the Crystal Tea Room on June 8, 2008. (*Id.* ¶¶ 22-26.) On April 1, 2008, after discussing menus and floral options with Plaintiffs, the PHSC submitted a nonrefundable $1,000 deposit, and Plaintiffs confirmed in a memorandum that they would provide the requested catering services for a total price of $30,000. (*Id.*; *see also id.* Ex. A at 1.)

Plaintiffs catered the June 8, 2008 PHSC banquet, providing food, drinks, and hors d'oeuvres for 600 guests. (*Id.* ¶¶ 27-28.) The PHRC failed to pay the $29,000 balance due despite repeated requests from Plaintiffs. (*Id.* ¶¶ 30-32.)

On June 14, 2008, Finley spoke to a Mr. Callahan, who represented himself to be a member of the PHSC. (*Id.* ¶ 34.) Callahan warned Finley that he would call "his friends" in the police department if Finley continued to attempt to collect the $29,000 from the PHSC. (*Id.* ¶ 35.) Four days later, Finley was contacted by Detective Phillip Greenwell of the Philadelphia District Attorney's Office (the "DA's Office"). (*Id.* ¶ 36.) Greenwell told Finley that the PHSC was unable to pay for the banquet because someone had stolen money from the PHSC and he advised Finley that he would be placed under arrest if he persisted in trying to collect the $29,000 balance. (*Id.* ¶¶ 38, 39.) Greenwell told Finley that this came from "upstairs." (*Id.* ¶ 39.)

Plaintiffs filed a Complaint on February 23, 2011, against the PHSC; the City of Philadelphia (the "City"); Delores Solomon, Betty Mitchell, Rosemarie Hatcher, Jacque Smith, Judy Walston and Addie H. Williams, all officers in the PHSC (the "Moving Defendants"); the DA's Office; and Detective Greenwell. (*See* Compl. ¶¶ 4-17, ECF No. 1.) The City filed a Motion to Dismiss (*see* City's Mot. Dismiss, ECF No. 9), and Plaintiffs filed an Amended Complaint on June 22, 2011. The Amended Complaint alleges breach of contract against the PHSC and violations by all Defendants of Plaintiffs' First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 by all Defendants. (Am. Compl. ¶¶ 41-49.) The City filed a Motion for Judgment on the Pleadings, and the Moving Defendants filed a Motion to Dismiss the Amended Complaint. At a conference with Counsel we requested briefing on the relationship of the City of Philadelphia to the Philadelphia District Attorney's Office and the

PHSC. Counsel have provided the requested briefing.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court set forth a two-part analysis that district courts must conduct when reviewing a complaint challenged under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (describing *Iqbal*'s two-step inquiry). The district court must first separate "the factual and legal elements of a claim," accepting all of the complaint's well-pleaded facts as true but rejecting legal conclusions. *Id.* at 210 (citing *Iqbal*, 129 S. Ct. at 1949); *see also Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Under this analysis, well-pleaded factual allegations are to be given a presumption of veracity. *Iqbal*, 129 S. Ct. at 1950. The district court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *Id.* A complaint that demonstrates entitlement to relief through well-pleaded facts will survive a motion to dismiss. *See id.* Given the nature of the two-part analysis, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and

3

common sense." *See McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is identical to that of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Constitution Bank v. DiMarco*, 815 F. Supp. 154, 157 (E.D. Pa. 1993). We may not grant a judgment on the pleadings under Rule 12(c) "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In reviewing a motion for judgment on the pleadings, we may consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if the plaintiff's claims are based on such documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.3d 1192, 1196-97 (3d Cir. 1993). We must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Jablonski*, 863 F.2d at 290-91 (quoting *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980) (internal quotation marks omitted)).

### III. ANALYSIS

#### A. City of Philadelphia's Motion for Judgment on the Pleadings

Plaintiffs seek to recover from the City under 42 U.S.C. § 1983 for alleged violations of their Fourth and Fourteenth Amendment rights.[1] (*See* Am. Compl. ¶¶ 43-51.) Section 1983 does

---

[1] The Amended Complaint briefly mentions violations of the First Amendment and the Equal Protection Clause. (*See* Am. Compl. ¶ 20 ("This action arises under the Constitution of the United States, Amendments One, Four, and Fourteen . . . ."); *id.* ¶ 1 (alleging "intent to deny

not create substantive rights; rather, it creates a private right of action to remedy "deprivations of rights established elsewhere in the Constitution." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003)). The City argues that Plaintiffs have failed to plead facts sufficient to establish any constitutional violations. (City's Mot. J. Pleadings 5, ECF No. 25.) The City also argues that it cannot be held responsible for the actions of the PHSC or Detective Greenwell because it is a separate and distinct entity from the PHSC and the DA's Office. (City's Supp. Memo. 2, ECF No. 19.)

### 1.  *Fourth Amendment*

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). The Supreme Court has noted that "the concept of a 'seizure' of property is not much discussed in [its] cases," *id.* at 114 n.5, and the caselaw on the subject is mixed. Generally, courts interpret a possessory interest in property to mean *physical* possession. *See, e.g., Arizona v. Hicks*, 480 U.S. 321, 324 (1987) (holding that merely copying serial numbers did not "meaningfully interfere" with possessory interest in property); *Hale v. Henkel*, 201 U.S. 43, 76 (1906) ("[A] seizure contemplates a forcible dispossession of the

---

. . . equal protection under the law" by Defendants).) The First Amendment and Equal Protection Clause are not mentioned again in the Amended Complaint, and Plaintiffs do not allege any facts to support a claim for relief under either provision. Since the Amended Complaint fails to state a claim for violation of the First Amendment or the Equal Protection Clause that is "plausible on its face," *Iqbal*, 129 S. Ct. 1949, we will grant Defendant's Motion For Judgment on the Pleadings as to these claims.

owner."); Mark Taticchi, *Redefining Possessory Interests: Perfect Copies of Information as Fourth Amendment Seizures*, 478 Geo. Wash. L. Rev. 76, 77 (2010) ("Courts generally interpret possessory interest to mean physical possession, even when the property allegedly seized is intangible, like information."); *but see Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) (finding that individual had possessory interest in copies of business records even though individual retained originals). The Supreme Court has observed that "[f]rom the time of the founding to the present, the word 'seizure' has meant a 'taking possession.'" *California v. Hodari D.*, 499 U.S. 621, 624 (1991) (citations omitted).

The Amended Complaint does not allege that either Plaintiffs or the City have ever had physical possession of the $29,000 that Plaintiffs are owed. We are aware of no caselaw and Plaintiffs have provided none that holds that a defendant who has never had possession of the property at issue can be liable under the Fourth Amendment to a plaintiff who has likewise never had possession of the property. Plaintiffs suggest that while they have never had physical possession of the $29,000 they are owed, they did at one time have possession of the food and drinks consumed by the PHSC's guests at the banquet. (*See* Pl.'s Resp. City's Mot. J. Pleadings 4, ECF No. 28.) However true that may be, we are unable to conclude that the consumption of food and drink by private individuals at a private entity's banquet constitutes a seizure by the City when a detective at the DA's Office subsequently interferes with the caterer's attempts to collect payment for his services. Judgment on the pleadings in favor of the City is therefore appropriate on Plaintiffs' Fourth Amendment claim.

    2.    *Fourteenth Amendment*

Plaintiffs allege that the City deprived them of their liberty and property rights without

due process of law. (Am. Compl. ¶¶ 44, 46.) The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Supreme Court has interpreted the Due Process Clause as having both a substantive and a procedural component. *Evans v. Sec'y Pa. Dep't Corr.*, 645 F.3d 650, 658 (3d Cir. 2011).

"[T]o prevail on a substantive due process claim, a plaintiff must prove that the particular interest at issue is protected by the substantive due process clause and that the government's deprivation of that protected interest shocks the conscience." *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (internal quotation marks and citations omitted). Substantive due process rights are founded upon "deeply rooted notions of fundamental personal interests derived from the Constitution." *Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) (citations omitted). The Third Circuit has repeatedly held that contract rights are among "those state-created property interests" that are "deemed unworthy of substantive due process" protection. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 143 (3d Cir. 2000); *see also Reich v. Beharry*, 883 F.2d 239, 243 (3d Cir. 1987) (holding that attorney's right to payment for legal services rendered to state was not a fundamental right protected by substantive due process). Since Plaintiffs' contractual right to payment for their catering services is not a fundamental right entitled to the protections of substantive due process, Plaintiffs' substantive due process claim fails.

Plaintiffs' contractual right to payment is not entitled to the protections of procedural due process either. Every court of appeals that has considered the issue has concluded that "although state contract law can give rise to a property interest protectible by procedural due process, not

every interest held by virtue of a contract implicates such process." *Reich*, 883 F.2d at 242. The Third Circuit has observed that to lend due-process protection to every contract with the state would lead to "a wholesale federalization of state public contract law [that] seems far afield from the great purposes of the due process clause." *Id.* While it is beyond dispute that a contract with a state entity can in some situations give rise to a property interest that is subject to the protections of the Fourteenth Amendment, *Linan–Faye Constr. Co. v. Hous. Auth. of the City of Camden*, 49 F.3d 915, 931 (3d Cir. 1995), it is less certain that private contractual rights constitute a property interest that is subject to Fourteenth Amendment protection. The Third Circuit has held that a private employment contract that contains a "just cause" provision creates a property interest that is protected by the Fourteenth Amendment when the government induces the employer to fire the employee. *Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007). However, Plaintiffs cite no authority for the proposition that a private contract for the payment of money creates a property interest that is protected by the Fourteenth Amendment, and we are aware of none. We conclude that a private contract for the payment of money in return for catering services does not create a property interest for the purposes of procedural due process. We will therefore grant the City's Motion for Judgment on the Pleadings on Plaintiffs' Fourteenth Amendment claim.

### B. The PHSC Defendants' Motion to Dismiss

Plaintiffs bring claims against the Moving Defendants for violations of Plaintiffs' Fourth and Fourteenth Amendment rights, as well as breach of contract, unjust enrichment, *quantum meruit*, fraud, and misrepresentation. (*See* Am. Compl. ¶¶ 43-85.) The Moving Defendants seek dismissal of these claims. (*See* PHSC Defs.' Mot. Dismiss, ECF No. 26.)

*1. Constitutional Claims*

As discussed above, Plaintiffs' Fourth and Fourteenth Amendment claims fail because there was no seizure of their property and the Due Process Clause does not protect their right to payment pursuant to a private contract.[2] Here, Plaintiffs' claims fail for the additional reason that Plaintiffs have not and cannot allege that the Moving Defendants were state actors. "To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010). The Moving Defendants are members of the PHSC's executive board. The PHSC is a private, independent entity and is not a state actor. As such, it cannot be liable under § 1983 for a deprivation of Plaintiffs' constitutional rights.

Plaintiffs argue that the Moving Defendants conspired with local officials to deprive Plaintiffs of their constitutional rights, thus making them state actors for purposes of § 1983. (Pls.' Resp. Opp'n PHSC Defs.' Mot. Dismiss 4-5.) Plaintiffs note that "a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." (*Id.* (quoting *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998)).) However, there are no factual allegations in the Amended Complaint that state that the Moving Defendants "participated in a joint conspiracy with state officials." *Abbott*, 164 F.3d at 147. There are no allegations that the Moving

---

[2] Plaintiffs cite *Lochner v. New York*, 198 U.S. 45 (1905), for the proposition that "[t]he right to purchase or to sell labor is part of the liberty protected by [the Fourteenth] [A]mendment." (Pls.' Resp. Opp'n PHSC Defs.' Mot. Dismiss 6, ECF No. 29.) We doubt the continued validity of *Lochner* in light of cases like *Ferguson v. Skrupa*, 372 U.S. 726 (1963), and *Day-Brite Lighting Inc. v. Missouri*, 342 U.S. 421 (1952).

Defendants participated in or were even aware of Callahan's phone call to the DA's Office that led to the incident between Detective Greenwell and Plaintiffs. Indeed, Plaintiffs have made no factual allegations at all regarding any putative acts or omissions of the Moving Defendants. Plaintiffs cannot state a claim for relief against the Moving Defendants under the Fourth and Fourteenth Amendments absent factual allegations showing an entitlement to that relief. For all of these reasons, Plaintiffs' constitutional claims against the Moving Defendants will be dismissed.

### 2. *Breach of Contract, Unjust Enrichment, and Quantum Meruit*

Plaintiffs allege that the PHSC breached its contract with Plaintiffs to provide catering services at the PHSC banquet. The Moving Defendants argue that this claim should be dismissed because none of the Moving Defendants were parties to the contract between Plaintiffs and the PHSC. (*See* PHSC Defs.' Mot. Dismiss 11-12.) We agree with the Moving Defendants.

The contract in question was between Plaintiffs and the PHSC. Under Pennsylvania law, corporate officers are not personally liable for contracts entered into by the corporate entity unless they specifically agree to be personally liable, or unless the other party to the contract pierces the corporate veil. *Ervin v. First Am. Mktg. Corp.*, No. 05-184, 2006 WL 2456470, at *3 (E.D. Pa. Aug. 21, 2006). There is nothing to suggest that the Moving Defendants have agreed to be personally liable for the contract with Plaintiffs. Indeed, Plaintiffs do not even allege that the Moving Defendants were parties to the contract. (*See* Am. Compl. ¶ 53 ("A contract between Plaintiff, Finley Catering, and Defendant PHSC was formed on April 1, 2008 by an exchange of promises when Plaintiff agreed to provide catering services for a June 8, 2008 banquet and in exchange Defendants agreed to pay the sum of thirty thousand ($30,000.00) dollars.").)

Plaintiffs contend that "[t]he equitable owners of a corporation are personally liable when they provide inadequate capitalization and actively participate in the conduct of corporate affairs." (Pls.' Resp. Opp'n PHSC Defs.' Mot. Dismiss 6 (quoting *Minton v. Cavaney*, 364 P.2d 473 (Cal. 1961)).) Plaintiffs' apparent attempt to argue that we should disregard the corporate form fails, however, as there are no allegations in the complaint to justify piercing the corporate veil, which is "an extraordinary remedy preserved for cases involving exceptional circumstances." *Village at Camelback Prop. Owners Ass'n v. Carr*, 538 A.2d 528, 533 (Pa. Super. Ct. 1988). Since the Amended Complaint fails to allege sufficient facts to "state a claim to relief that is plausible on its face," *Iqbal*, 129 S. Ct. at 1949, the Moving Defendants' Motion to dismiss will be granted as to Plaintiffs' breach-of-contract claim.

Plaintiffs' claims for unjust enrichment and *quantum meruit* likewise fail to state a claim upon which relief may be granted. *Quantum meruit* is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr. Inc.*, 2 A.3d 526, 594 n.8 (Pa. 2011). It is well settled under Pennsylvania law that an action for unjust enrichment will not lie where a written contract exists between the parties. *Gee v. Eberle*, 420 A.2d 1050, 1060 (Pa. Super. Ct. 1980) ("The doctrine of unjust enrichment is clearly inapplicable when the relationship between the parties is founded on a written agreement or express contract." (citations and internal quotation marks omitted)). Plaintiffs attach a written agreement between Finley Catering and the PHSC as Exhibit A to their Amended Complaint. (*See* Am. Compl. Ex. A.) The existence of a written agreement between Plaintiffs and the PHSC defeats Plaintiffs' unjust enrichment and *quantum meruit* claims. The Moving Defendants' Motion to Dismiss will be granted as to Plaintiffs' unjust enrichment and

*quantum meruit* claims.

### 3. *Fraud and Misrepresentation*

Plaintiffs bring claims for fraud and misrepresentation against the PHSC and the Moving Defendants. (Am. Compl. ¶¶ 73-85.) To state a claim for fraud, Plaintiffs must plead: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result. *Ross v. Foremost Ins. Co.*, 998 A.2d 648, 654 (Pa. Super. Ct. 2010) (citations omitted). Claims for fraud and misrepresentation must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). To plead fraud with particularity as required by Rule 9(b), Plaintiffs "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

The Amended Complaint fails to meet this standard. Plaintiffs allege generally that Defendants did not disclose during negotiations their ability or intention to pay for the banquet. Plaintiffs do not allege who was involved with the negotiations or even whether Moving Defendants were involved at all in the alleged misrepresentations. This fails to meet the heightened pleading standard of Rule 9(b). We will therefore dismiss Plaintiffs' claims for fraud and misrepresentation against the Moving Defendants.

### C. **Leave to Amend**

Generally, when a plaintiff's complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

We conclude that in this case, amendment of Plaintiffs' complaint would be futile. Plaintiffs have already amended their Complaint once. We do not believe that any further amendments to the Complaint would permit Plaintiffs to successfully state a claim for relief based on these facts. The caselaw makes clear that Plaintiffs' private contractual rights are not protected by the Fourth or Fourteenth Amendments. *See* Sections III.A.1, III.A.2, *supra*. Nor are there any facts to suggest that Plaintiffs could successfully allege contractual claims against the Moving Defendants, who were not a party to the contract with Plaintiffs. *See* Section III.B.2, *supra*. Since further amendment of the Complaint would be futile, Plaintiffs' constitutional claims against the City and the Moving Defendants and their contractual and fraud claims against the Moving Defendants will be dismissed with prejudice.

## IV. CONCLUSION

We are not unsympathetic to Plaintiffs' circumstances. Certainly if the allegations in the Amended Complaint are true, the conduct complained of was outrageous. Nevertheless, for the reasons noted above we are compelled to grant the City's Motion For Judgment on the Pleadings and the Moving Defendants Motion to Dismiss Plaintiffs' Amended Complaint.

An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.